UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MELL T. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00567 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| MICHELLE CASTEEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

The plaintiff, an inmate at the South Central Correctional Facility in Clifton, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983, alleging that the defendants discriminated against the plaintiff based on his race and engaged in a conspiracy to evict the plaintiff from the halfway house where he resided. (Docket No. 1). The plaintiff seeks damages against both defendants. (*Id.* at p. 5).

**I.     Pending Motion**

The plaintiff recently filed a "Motion/Petition for Court to Officially ORDER Judgment OR Adjudicate Claim Appropriately" (Docket No. 15). As best the court can understand, the plaintiff asks the court to review his claims and enter an order with further instructions for the plaintiff. The court will construe this motion as a motion to ascertain status and proceed accordingly.

**II.    PLRA Screening of the Complaint**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

### III. Section 1983 Standard

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV. Analysis

The plaintiff alleges that his constitutional rights were violated when defendants Michelle Casteel and Lynn Nolan[1] conspired to evict the plaintiff from a transitional housing shelter[2] known

---

[1] The complaint alleges that defendant Casteel is employed by "Davidson County Community Corrections" and she is sued in both her individual and official capacities. Because the complaint does not explain exactly what the program is and what its relationship is with the county or state, the court is unable to fully evaluate the plaintiff's claims

as either "Community Recovery, Inc." or "Recovery Community" due to the plaintiff's race (African American). (Docket Nos. 1 and 6). The plaintiff further alleges that he was evicted from the shelter without just cause or due process of law. (*Id*.

Construing the *pro se* complaint allegations liberally, the court finds that the plaintiff's allegations state at least one colorable claim under Section 1983. For example, the plaintiff's allegations state a claim that the defendants' non-judicial eviction constituted a deprivation of the plaintiff's rights to procedural due process under the Fourteenth Amendment. If the plaintiff had a possessory interest in the property, *see Fuentes v. Shevin*, 4-07 U.S. 67, 87 (1972), he was entitled to procedural due process protections, which generally require notice and a hearing prior to eviction, and the plaintiff alleges that he did not receive notice and a hearing. *Leary v. Daeschner*, 228 F.3d 729, 742 (6th Cir. 2000)("When a plaintiff has a protected property interest, a predeprivation hearing of some sort is generally required to satisfy the dictates of due process."). Although it is too early in the litigation to know whether the plaintiff ultimately can prevail on this or other claims, the court finds that the plaintiff's allegations are not malicious or frivolous for purposes of PLRA screening.

---

against this defendant. Similarly, the complaint alleges that defendant Nolan is a corrections officer with the "Davidson County Community Court." Nolan, too, is sued in both his/her individual and official capacities. After the record is more fully developed, further review of some or all of the plaintiff's claims against these defendants may be appropriate.

[2]The plaintiff alleges that the halfway house is part of the "Davidson County Community Corrections Program." (Docket No. 6 at p.1).

## V.     Conclusion

Because the court finds that the plaintiff has stated at least one colorable claim, 28 U.S.C. § 1915A, process will issue requiring the defendants to answer, plead or otherwise respond to the complaint.

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge