# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MELL T. BRUTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cv-00567 |
| ) | Judge Campbell / Knowles |
| v. ) | |
| ) | |
| MICHELLE CASTEEL, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is a Motion to Dismiss filed by Defendant Michelle Casteel. Docket No. 29.[1] Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 30. Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted because: 1) Plaintiff's claims are time-barred since they concern actions that occurred in 2009, and Plaintiff did not commence this action until 2012; and 2) Plaintiff cannot sustain his official capacity claims because he does not allege that any official policy, practice, or custom caused him injury. *Id.* Defendant also argues that Plaintiff's pendent state law claims should be dismissed since he cannot sustain his federal cause of action. *Id.*

Plaintiff has not responded to the instant Motion.

Plaintiff, pro se, filed this in forma pauperis action pursuant to 42 U.S.C.1983, alleging "discrimination." Docket No. 1. The allegations in Plaintiff's Complaint against Defendant Casteel, in their entirety, are:

---

[1] Defendant Lynn Nolan is not a party to the instant Motion.

1

> ****Discrimination****
>
> Case worker Michelle Casteel committed "Perjury" on Witness Stand and continue collaborated effort to Defaud [*sic*] Plaintiff Of Life, Liberty, and equality in a High Profile "Scheme" of "Conspiracy" in which Petitioner's File shall demostrate [*sic*] "All" Defendant's [*sic*] Involvement. (Case 3:08 cv 952) File had been requested (Evidence Submitted To Court)
>
> . . . and continue to suffer from "case worker Michelle Casteel's Sting of Stealth, Covert Bigotry ongoing Inflicted "Clear Clandestine Gang Rapr"!!!!!!!

*Id.* (Capitalization and punctuation original.) Plaintiff sues Defendant Casteel in her individual and official capacities, and seeks compensatory and punitive damages. *Id.*

As noted above, Plaintiff has also sued Defendant Lynn Nolan, who is not a party to the instant Motion. Although Defendant Nolan is not a party to the instant Motion, for the reasons to be discussed below, the undersigned will discuss Plaintiff's claims against her. The allegations contained in Plaintiff's Complaint against Defendant Nolan, in their entirety, are:

> **** Discrimination****
>
> Community Recovery Director Lynn Nolan Committed "Blatant" Pejudice [*sic*], And Biased discretion by "Illegally" evicting Plaintiff causing subsequent "Fear" and Community Corrections Violations for "unable to maintain Residence Knowing the Consequences by being employee of Metro while showing Obvious "Favor" to Others!!!! Defendant Is Partner of Bussiness [*sic*] With Men Of Valor Prison Ministry (Received Federal Grants)
>
> All Claims are Continued Collateral Consequences ... Petitioner has suffered from "Lynn Nolan's Overt Racism (Witness'es [*sic*] present will Testify)

*Id.* (Capitalization and punctuation original.) Plaintiff sues Defendant Nolan in her individual and official capacities, and seeks compensatory and punitive damages. *Id.*

With regard to the instant Motion to Dismiss, Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not

> permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

As can be seen in the quoted passages above, Plaintiff's allegations against Defendant Casteel, as set forth in his Complaint, simply do not provide a basis for recovery. Plaintiff's Complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

With regard to Plaintiff's claims against Defendant Nolan, the Court may act sua sponte to dismiss an action that fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).[2]

As can be seen in the quoted passages above, Plaintiff's allegations against Defendant

---

[2] 28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

4

Nolan, as set forth in his Complaint, likewise simply do not provide a basis for recovery. Plaintiff's Complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The undersigned therefore recommends that Plaintiff's claims against Defendant Nolan also be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge